Shauck, C. J.
It is urged that the motion to strike from the cross-petition the averments recited. in the statement of the case should have been sustained because the plaintiff was bound only as by the terms of the accepted proposal it had agreed to be bound. The view urged by counsel for plaintiff is that by the terms of the written contract the vendor was bound to furnish, and the purchaser to accept, machinery of the character and capacity which were definitely stated in the contract and that there can, therefore, be, no implied obligation on the former to furnish machinery which would meet the requirements of the defendant’s business. The admission that this view is correct would not justify the conclusion that the motion should have been sustained. The averments to which the motion was addressed, related not wholly to the ground, but chiefly to the measure, of recovery. They presented circumstances which would lead to substantial loss by the defendant if the machinery should not be furnished according to the contract, and the plaintiff’s knowledge of those circumstances. They, therefore, justified the introduction of evidence to show that the defendant had expended large sums of money in the construction of this plant and in the employment of *169 workingmen and salesmen for the conduct of its business, and, these circumstances being known, the loss to be sustained by the defendant from inability to prosecute its business was within the contemplation of the parties as a result likely to follow a breach of the contract, and, therefore, a proper element of recovery. The Champion Ice Manufacturing & Cold Storage Co. v. The Pennsylvania Iron Works Co., 68 Ohio St., 228.
Although the motion was properly overruled because the averments had legal relation to the measure of recovery, they appear to have been regarded by the trial judge as suggesting a ground of recovery. The substance of the plaintiff’s first request for instruction to the jury was that the written agreement should be taken as the measure of the rights and obligations of both parties with no term implied except that the machinery should be free from defects in either material or workmanship. This request was refused for the reason, as the record informs us, that it was not made until two arguments had been addressed by counsel to the jury. As the literature of the case informs us of neither reason nor authority for refusing an instruction upon that ground,- we adhere to the view generally recognized that such a request is timely if made before the cause is submitted to the jury. Not only did the court refuse to give the instruction so requested, but in the instruction actually given there was expressed the view that if the plaintiff furnished the machinery with the understanding that it was to be used in operating the defendant’s plant there was an implied undertaking that it should be adequate for that purpose. The case *170 affords no reason or opportunity for such implied term. The contract into which the parties entered expressly defined the capacity of the machinery, and the defendant bore the chance of its adequacy to meet the requirements of its business. The conclusive effect which the law gives to the written undertaking of parties would compel the conclusion that the obligations of the plaintiff were fully discharged if, within the time specified, it furnished the machinery of the .designated power and capacity and free from defects. Much evidence was adduced, important parts of it coming from witnesses called by the plaintiff, to show that it had in all of these respects failed to perform the terms of the contract into which it had entered, and that serious loss to the defendant had resulted therefrom. But we are not permitted to conjecture that no part of the damages awarded to the defendant was because of the instruction that the plaintiff must answer for the inadequacy of the machinery to perform the duties which the defendant’s business required of it, even though it might be of the character and capacity designated in the contract. ■ The case seems, therefore, to fall within the general rule that, there being substantial error in the refusal to instruct and the instructions given with respect to the ground of recovery, and it not appearing affirmatively in the record that the error did not operate prejudicially as to the amount of the defendant’s recovery, the judgment must be

Reversed.

Price, Crew, Summers and Spear, JJ., concur.